IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CARL EDWARD MYERS                                      PLAINTIFF

v.                   Civil No. 09-2071

FORT SMITH PUBLIC SCHOOL                           DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Carl Edward Myers submitted this *pro se* employment discrimination action for filing on July 10, 2009. With the complaint he submitted the first page of a two page application to proceed *in forma pauperis* (IFP) (Doc. 2).

An order was entered (Doc. 3) directing the clerk to send plaintiff a blank IFP application. Plaintiff was given until July 31, 2009, to complete, sign, and return the completed application. Plaintiff was advised that if he failed to complete, sign, and return the IFP application or pay the $350 filing fee the case would be subject to summary dismissal. To date, neither the IFP application or the filing fee has been paid.

An order was also entered directing the plaintiff to complete, sign, and return a questionnaire regarding his claims (Doc. 4). The questionnaire response was to be filed as an addendum to his complaint. Plaintiff was advised that the addendum was to be completed and returned to the court by July 31, 2009. Plaintiff was further advised that if he failed to return the completed and executed addendum the complaint would be subject to dismissal for failure to prosecute and/or failure to obey an order of the court. To date, the addendum has not been filed.

-1-

Plaintiff has not sought an extension of time to comply with either of the court's orders (Doc. 3 and Doc. 4). Plaintiff has not otherwise communicated with the court. The court's orders have not been returned as undeliverable.

I therefore recommend that the complaint be dismissed on the grounds plaintiff has failed to prosecute this action and has failed to obey the orders of this court. Fed. R. Civ. P. 41(b).

**Myers has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Myers is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)